UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 05-0266 |
| MARIA CARMEN PALAZZO, M.D., PH.D., MMM | SECTION: "S" (1) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Maria Carmen Palazzo's "Motion to Dismiss Counts 28 through 40 as Duplicitous; Alternatively, a Bill of Particulars" is **DENIED**.  (Document #141.)

### I. BACKGROUND

Beginning on July 5, 2000, Maria Carmen Palazzo entered four Professional Service Agreements with Touro Infirmary.  The first two agreements, dated July 5, 2000, and July 27, 2001, concern consultation services for the Adult Psychiatric Programs at Touro.  The second two agreements, dated June 1, 2002, and June 1, 2003, provide for Medical Director services for the Inpatient Adult Psychiatric and Adult Partial Hospitalization Programs (PHP) at Touro.  Palazzo was to be paid $150 per hour for up to 80 hours per month.  See  Superseding Indictment, ¶¶ 42–43.

The scheme to defraud involved, *inter alia*, the creation and submission of false monthly invoices for administrative services and other services, which Palazzo allegedly did not perform. Id. at ¶¶ 44-47.  Palazzo knew that Touro would submit the invoices to Medicare and that Medicare would reimburse Touro for the costs.  Id.  Paragraphs 48 and 49 of the superseding indictment allege the "Ways and Means" by which Palazzo executed a health care fraud scheme, which she accomplished by listing on the monthly medical director invoices between one and five hours for PHP staffing every Tuesday between August 2000 and October 2001 and by listing on the monthly medical director invoices between two and three and one-half hours to "in-patient staffing" every Monday between August 2001 and October 2004.  Counts 28 through 40 each represent a single completed execution of a scheme to defraud, namely the submission of a monthly invoice containing false and inflated charges.

## II. DISCUSSION

Palazzo moves to dismiss counts 28 through 40 of the superseding indictment as duplicitous.  She contends that counts 28 through 40 are duplicitous because more than one item appears in each invoice, and some services appearing on each invoice were lawful, truthful, and non-fraudulent.  Palazzo argues that the duplicity taints the indictment and trial proceedings and that the monetary value alleged in those paragraphs are inflated.

"A duplicitous indictment is one that alleges two or more distinct and separate offenses in a single count."  United States v. Caldwell, 302 F.3d 399, (5th Cir. 2002).  "Section 1347 punishes one who 'knowingly and willfully executes, or attempts to execute, a scheme or artifice . . . to defraud any health care benefit program . . . or . . . to obtain, by means of false or

fraudulent pretenses . . . any of the money or property . . . of . . . any health care benefit program.'"  United States v. Hickman, 331 F.3d 439, 446 (5th Cir. 2003).  The language and structure of the statute is almost identical to the bank fraud statute, 18 U.S.C. § 1344, which punishes "each execution of the scheme."  Id. (citing United States v. Lemons, 941 F.2d 309 (5th Cir. 1991)).  By analogy, "the health care fraud statute, § 1347, punishes executions or attempted executions of schemes to defraud, and not simply acts in furtherance of the scheme."  Id.  "[A]lthough the crime of health care fraud is complete upon the execution of a scheme, any scheme can be executed a number of times, and each execution may be charged as a separate count."  Id.  "[T]ransactions that have a common purpose but involve separate and independent obligations to be truthful may also constitute separate executions."  Id.

Paragraphs 44 through 47 describe the various ways that Palazzo accomplished the scheme to defraud.  Each of counts 28 through 40 alleges a single act of executing a scheme to defraud a health care benefit program by submitting an invoice containing false information to Touro to support claims for reimbursement of costs to Medicare.  Each count represents the submission of a false invoice for reimbursement, not the submission of individual items on the invoice.  Further, each count charges a single, independent, and completed execution of the scheme on a specified date.  Accordingly, counts 28 through 40 are not duplicitous, and the motion to dismiss is denied.

Palazzo alternatively moves for a bill of particulars, pursuant to Federal Rules of Criminal Procedure 7(f).  She argues that she does not know which of the items on the invoices she must defend.  The superseding indictment apprises Palazzo of the charges with enough detail

3

to prepare a defense, and the motion for a bill of particulars is denied.

New Orleans, Louisiana, this  25th   day of February, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**